SANTINI FERTILIZER Co., Plaintiff and Appellant, *v.* FELIPE G. DÁVILA, Defendant and Appellee. SAME *v.* SAME.

Nos. 6625 and 6731. Argued January 11, 1937.—Decided March 15, 1937.

*R. Buscaglia* for appellant. *Arturo Aponte* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The defendant has asked for a reconsideration of our former judgment, claiming, in the first place, that we committed error in deciding that the defense of an extension of the promissory notes of Dávila until June 30, 1930, was not alleged in the answer, and in holding that the evidence did not prove said extension.

It is true that the defendant when making the allegation as a special defense that he had paid the promissory notes also added, but not as a separate defense, certain vague and unprecise allegations which he now claims constitute a defense, establishing the extension of said promissory notes. In other words, the defendant maintains that as a matter of fact he alleged two defenses which not only are incompatible, but which appear from his answer as a single defense.

But overlooking the defects in the answer and assuming that the said extension had been alleged, the defendant has failed to convince us that the evidence established this defense or that the lower court committed error in adjudging him to pay the amount of said notes. The record does not show that the lower court decided that said extension was proved.

It seems that what said court decided was that the plaintiff should have requested payment from the Yabucoa Sugar Co. before filing the complaint. On this point, which constitutes an erroneous conclusion of law, we expressed our views in the original opinion.

██ Defendant claims that we also committed error in holding that the evidence of defendant himself established definitely that plaintiff refused to accept the letter addressed to Yabucoa Sugar Co. in payment of the promissory notes. Said defendant stated that the evidence showed that plaintiff received the letter, and accepted it from that moment. In our judgment, the fact that a creditor accepts a letter from a debtor does not imply that the same is received in payment of the debt, especially where, as in the instant case, the creditor expressly refused to accept the letter in payment of the obligation. Section 1138 of the Civil Code of 1902, which is equivalent to section 1124 of the 1930 edition, is not applicable, in the first place, because the letter was not delivered or accepted in payment of the debts of defendant Dávila, and in the second place, because it is clear that the letter in question is not one of the instruments to which said section refers.

The reconsideration sought must be denied.